[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11232
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 96-00015-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMMY BENITEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 28, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Timmy Benitez appeals the district court's denial of his motion for a reduced

sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses. Benitez argues that the district court erred in finding that the sentencing court held him accountable for more than 4.5 kilograms of crack cocaine and therefore was ineligible for a reduction of his sentence pursuant to Amendment 706.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction of a term of imprisonment is not authorized under § 3582(c)(2) if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

At the time Benitez was sentenced, a defendant was assigned a base offense level of 38 for any offense that involved 1.5 kilograms or more of crack cocaine. As a result of Amendment 706, a base offense level of 36 now applies to offenses that involve quantities of crack cocaine of at least 1.5 kilograms but less than 4.5 kilograms and a base offense level of 38 still applies to quantities above 4.5

2

kilograms. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008). Thus, Amendment 706 did not change the base offense level for an offense involving more than 4.5 kilograms of cocaine, and hence, does not have the effect of lowering a defendant's guideline range for those defendants who were sentenced based on quantities above 4.5 kilograms. Id.

In Benitez's case, the sentencing court adopted, without objection by Benitez, all of the findings in the presentence investigation report (PSI), including that the conspiracy distributed more than 53 kilograms of cocaine, that Benitez was a manager or supervisor in the conspiracy, and that he personally "sold well over 1.5 kilograms of cocaine base." According to Benitez there is at least ambiguity as to the amount of cocaine base that the sentencing court attributed to him because any amount over 1.5 kilograms was immaterial to the calculation of his original sentence, given that, at that time, a base offense level of 38 applied to all amounts over 1.5 kilograms. Benitez's argument, however, is foreclosed by Paragraph 57 of the PSI, which in discussing the sentencing guidelines' provisions on relevant conduct explicitly states, "Therefore, the defendant is held accountable for all of the drug distribution involved in the instant conspiracy." (emphasis added). We find that this statement unambiguously attributes 53 kilograms of cocaine base to Benitez.

Thus, because the sentencing court held Benitez accountable for more than 4.5 kilograms of crack cocaine, Amendment 706 does not have the effect of lowering his guideline sentencing range and the district court did not err in denying his request for resentencing under § 3582(c)(2).

Benitez's additional arguments, that the district court's order denying his § 3582(c)(2) motion violated <u>Apprendi</u> and that the district court should have exercised its discretion under <u>Booker</u> and reduced his sentence based on its consideration of the § 3553(a) factors, are foreclosed by this circuit's precedent. <u>See</u> <u>United States v. Melvin</u>, 556 F.3d 1190, 1190 (11th Cir. 2009) (holding that <u>Booker</u> does not apply to § 3582(c)(2) proceedings) and <u>United States v. Bravo</u>, 203 F.3d 778, 782 (11th Cir. 2000) (holding that a district court may not consider extraneous sentencing issues, including constitutional claims, during § 3582(c)(2) proceedings).

**AFFIRMED.**